IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| VINCENTE ANTOINE BAKER, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 1:19-00726 |
| | ) |
| C. MURAKA, Warden, | ) |
| | ) |
| Respondent. | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending is Petitioner's Petition Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody. (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) Having examined Petitioner's Section 2241 Petition, the undersigned finds and respectfully recommends that Petitioner's Petition should be dismissed.

**FACT AND PROCEDURE**

**A.     Criminal Action No. 1:09-cr-00348:**

On December 7, 2009, Petitioner pled guilty in the United States District Court for the Middle District of North Carolina to one count of Possession with Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count One); and one count of Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Four). Baker v. United States, Case No. 1:09-cr-00348 (M.D.N.C. June 23, 2010), Document No. 11. On June 23, 2010, the District Court sentenced Petitioner to total term of 205 months imprisonment, to be followed by a 6-year term of

supervised release. Id., Document No. 12.

On July 7, 2010, Petitioner filed his Notice of Appeal. Id., Document No. 13. Petitioner's counsel filed an *Anders* brief asserting there were no meritorious issues to appeal and questioning whether Petitioner's sentence was greater than necessary to accomplish the goals of 18 U.S.C. § 3553(a). United States v. Baker, 420 Fed.Appx. 232 (4th Cir. 2011). The Fourth Circuit informed Petitioner that he could file a *pro se* supplemental brief, but he did not do so. Id. By *per curiam* Opinion entered on April 1, 2011, the Fourth Circuit affirmed Petitioner's conviction and sentence. Id.

**B.      First Section 2255 Motion:**

On August 22, 2012, Petitioner filed in the Middle District of North Carolina a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Baker, Case No. 1:09-cr-00348, Document No. 24. As grounds for relief, Petitioner argued that he did not qualify as a career offender in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) and Carachuri-Resendo v. Holder, 130 S.Ct. 2577 (2010). Id. Following the granting of an extension of time, the United States filed its Response on March 21, 2013. Id., Document No. 28. On July 6, 2015, United States Magistrate Judge Joi Elizabeth Peake recommended that Petitioner's Section 2255 Motion be denied. Id., Document No. 37. Specifically, Judge Peake concluded that Petitioner's state conviction remained a predicate felony conviction following Simmons. Id. No objections were filed by either party. By Judgment Order entered on August 4, 2015, United States District Judge Thomas D. Schroeder adopted Judge Peake's recommendation and denied Petitioner's Section 2255 Motion. Id., Document No. 39.

**C.      Second Section 2255 Motion/ Motion for Authorization to File a Successive Section 2255 Motion:**

2

By Order entered on June 24, 2016, the Fourth Circuit granted Petitioner authorization to file a second or successful Section 2255 Motion in light of <u>Johnson v. United States</u>, 576 U.S. 591, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). <u>Id.</u>, Document No. 45. On the same day, Petitioner's Section 2255 Motion was filed with the Middle District of North Carolina. <u>Id.</u>, Document No. 46. Petitioner argued that in light of <u>Johnson</u>, Petitioner's prior conviction for assault with a deadly weapon inflicting serous injury no longer constitute a crime of violence within the meaning of U.S.S.G. § 4B1.2. <u>Id.</u> On September 14, 2016, Petitioner's Section 2255 proceedings were stayed pending the United States Supreme Court's decision in <u>Beckles v. United States</u>, 2016 WL 1029080 (June 27, 2016). On April 12, 2017, Petitioner, by counsel, filed his Notice of Voluntary Dismissal.[1] <u>Id.</u>, Document No. 48.

**D.    Instant Section 2241 Petition:**

On October 7, 2019, Petitioner, acting *pro se*, filed his instant Section 2241 Petition "in light of <u>United States v. Wheeler</u>."[2] (Civil Action No. 1:19-00726, Document No. 1.) In his Petition, Petitioner challenges the validity of his sentence citing <u>Descamps v. United States</u>, 133 S.Ct. 227 (2013). (<u>Id.</u>) Petitioner explains that his state conviction for assault with a deadly weapon inflicting serious injury was considered as a "violent" offense in determining him to be a career offender under the Sentencing Guidelines. (<u>Id.</u>) Citing <u>Descamps</u>, Petitioner contends that the

---

[1] On March 6, 2017, the United States Supreme Court held that the United States Sentencing Guidelines were not subject to a void for vagueness challenge under the Fifth Amendment. *Beckles v. United States*, ___ U.S. ___, 137 S.Ct. 886, 197 L.Ed.2d 145 (2017).

[2] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

statute used to career him is divisible and was improperly considered for enhancement purposes under Section 4B1.1(a). (Id.) Petitioner argues that assault with a deadly weapon inflicting serous injury "categorically is not a 'violent felony.'" (Id.) Petitioner concludes that "[i]n light of Descamps, the district court's application of the modified categorical approach to support Petitioner's career offender enhancement was in error." (Id.) Based upon the foregoing, Petitioner argues that he can meet all Wheeler requirements. (Id.) As relief, Petitioner requests that this Court vacate his sentence and resentence him without the career offender enhancement. (Id.) As an Exhibit, Petitioner attaches a copy of the state court judgment regarding his conviction for assault with a deadly weapon inflicting serious injury. (Id., pp. 10 - 11.)

On December 30, 2019, Petitioner filed a Motion to Supplement his Memorandum in Support of his Section 2241 Petition. (Document No. 6.) By Order entered on September 8, 2020, the undersigned granted Petitioner's foregoing Motion and directed that Petitioner's Motion be redocked as his Supplemental Memorandum in Support of Petitioner's Section 2241 Petition. (Document No. 7.) In his Supplemental Memorandum, Petitioner cites Faison v. Gomez, 2019 WL 2030133 (N.D.W.Va. May 8, 2019) in further support of his Section 2241 Petition. (Document No. 8.) Petitioner argues that Faison successfully argued that his prior conviction for Maryland assault should not be considered as a crime of violence for a career offender enhancement. (Id.) Therefore, Petitioner contends that this Court should find that his North Carolina conviction for assault with a deadly weapon inflicting serious injury should not be considered a crime of violence for purposes of the career offender enhancement. (Id.)

## **ANALYSIS**

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court

must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative, or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

In view of the nature of the claims, the undersigned finds Petitioner's claims are ones

5

properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his sentence as imposed by the Middle District of North Carolina. Specifically, Petitioner alleges that his sentence is invalid based upon Descamps. Petitioner is clearly challenging the validity of his sentence, not the manner in which his sentence is being executed. Accordingly, the undersigned will briefly consider Petitioner's claims under Section 2255 for the sole purpose of determining whether the instant Section 2241 Application should be (1) dismissed, or (2) construed as a Section 2255 Motion and transferred to the appropriate jurisdiction. See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Viewing Petitioner's Petition as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Middle District of North Carolina. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's instant Petition should not be construed and transferred as a Section 2255 Motion because Petitioner has proceeded under Section 2255 in the sentencing Court at least once before and has not obtained certification/authorization to file a second or successive Motion from the Fourth Circuit Court of

Appeals.³

To the extent Petitioner is claiming that Section 2255 is inadequate or ineffective, the undersigned will consider his claims under Section 2241. Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging his conviction or sentence in a venue other than the sentencing court if the Petitioner can establish that his remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred

---

³ Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Petitioner must demonstrate that the Motion contains:
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Nevertheless, this Court need not reach the issue of whether Petitioner's Motion actually contains newly discovered evidence or presents a new rule of constitutional law. "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals." 28 U.S.C. § 2244(b)(3)(A); *also see Trenkler v. United States*, 536 F.3d 85, 96 (1st Cir. 2008). Petitioner has not sought or obtained authorization from the Fourth Circuit based upon the foregoing claim.

procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34. In a panel opinion, the Fourth Circuit extended the application of the savings clause to sentencing challenges. United States v. Wheeler, 886 F.3d 415 (4th Cir. March 28, 2018). For purposes of sentencing challenges, the Wheeler Court established a new savings clause test stating that Section 2255 is inadequate and ineffective to test the legality of a sentence when: "(1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motion; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect."[4] Id. at 429. The Wheeler Court, however, clarified that "there is no doubt

---

[4] In *Wheeler*, the United States filed a petition for rehearing en banc and the Fourth Circuit stayed the mandate pending a ruling on that motion. By Order entered on June 11, 2018, the Fourth Circuit denied the petition for rehearing en banc. *United States v. Wheeler*, 734 Fed.Appx. 892 (4th Cir. 2018); *United States v. Wheeler*, No. 16-6073, Document No. 60. In denying the petition, Circuit

that *Jones* is still good law in this circuit." Id. at 427. "In evaluating substantive claims under the savings clause, [courts] look to the substantive law of the circuit where a defendant was convicted." Hahn v. Moseley, 931 F.3d 295, 301 (4th Cir. 2019). Petitioner was convicted in the Fourth Circuit, therefore, the substantive law of the Fourth Circuit controls.

Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to Section 2241. Petitioner does not allege any substantive change in settled law occurring after the time period for filing a timely Section 2255 Motion that decriminalized the conduct of his conviction. Next, Petitioner cannot establish a retroactive change in substantive law such that Petitioner's sentence now presents an error sufficiently grave to be deemed a fundamental defect. Petitioner's reliance upon Descamps[5] is misplaced as such does not apply retroactively in this

---

Judge Agee explained as follows:
> The issues in this case are of significant national importance and are best considered by the Supreme Court at the earliest possible date in order to resolve an existing circuit split that the panel decision broadens even farther. Because of the potential that the case may become moot if Wheeler is released from incarceration in October 2019, as projected, I have not requested a poll of the Court upon the petition for rehearing en banc in order to expedite the path for the Government to petition for certiorari to the Supreme Court.

*Id.* The United States filed a Motion to Stay Mandate on June 13, 2018, Wheeler filed his Response in Opposition on June 14, 2018 and the United States filed its Reply on June 18, 2018. *Id.*, Document Nos. 61, 63 and 65. By Order entered on June 18, 2018, the Fourth Circuit denied the United States' Motion to Stay Mandate. *Id.*, Document No. 66. The Fourth Circuit issued its Mandate on June 26, 2018. *Id.*, Document No. 67. A petition for writ of certiorari was filed on October 3, 2018. *United States v. Wheeler*, Case No. 18-00420. The United States Supreme Court denied the petition for writ of certiorari on March 18, 2019. *United States v. Wheeler*, 139 S.Ct. 1318 (2019).

[5] In *Mathis v. United States*, ___ U.S. ___, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016), the Supreme Court clarified the proper application of the categorical and modified categorical approaches used in determining whether prior crimes could be considered as predicate offenses for sentencing enhancements under the Armed Career Criminal Act ["ACCA"]. Specifically, the Supreme Court determined that a state crime does not qualify as a predicate offense "if its elements are broader

Circuit. See Cox v. Wilson, 2018 WL 4961210, * 1 (4th Cir. 2018)(affirming district court's order declining to reopen petitioner's Section 2241 petition based on *Wheeler* because *Mathis* did not announce a new retroactively applicable rule); Copeland v. Kassell, 733 Fed.Appx. 717 (4th Cir. 2018)(finding that petitioner failed to satisfy the "test in *Wheeler*, because *Mathis* has not been deemed to apply retroactively on collateral review."); Walker v. Kassell, 726 Fed.Appx. 191, 192 (4th Cir. 2018)(stating that *Mathis* "has not been held retroactively applicable on collateral review, so [petitioner] may not proceed under § 2241"); Hatcher v. United States, 2017 WL 4445978, * 3 (S.D.W.Va. Oct. 5, 2017)(J. Johnston)(stating that "this Court joins numerous others in finding that *Mathis* did not announce a new rule of constitutional law that has been made retroactive on collateral review"); Stewart v. United States, 2017 WL 2361809, at * 5 (D.Md. May 31, 2017)(collecting cases holding that neither *Mathis* nor *Descamps* are retroactive); Morris v. Masters, 2017 WL 1196654, * 1 (S.D.W.Va. March 30, 2017)(J. Faber)(finding that *Descamps* is not retroactive), aff'd, 697 Fed.Appx. 165 (4th Cir. 2017); Payton v. United States, 2016 WL 6996743, * 2 (D.Md. Nov. 30, 2016)(same); Briscoe v. United States, 2015 WL 2451420, * 2 (N.D.W.Va. May 21, 2015), appeal dismissed, 624 624 Fed.Appx. 123 (4th Cir. 2015)(same). Additionally, Petitioner's reliance upon Faison v. Gomez, 2019 WL 2030133 (N.D.W.Va. May 8, 2019) is misplaced. Faizon is nonbinding authority upon this Court, and the facts of Faizon differ as the petitioner in Faizon was sentenced under the mandatory Sentencing Guidelines.[6]

---

than those of a listed generic offense." *Id.* In *Descamps v. United States*, 570 U.S. 254, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013), the United States Supreme Court held that to determine whether a past conviction is a "violent felony" within the meaning of the ACCA, courts should use the categorical approach if the state statute is "indivisible."

[6] It should be further noted this decision involved the granting of Petitioner's unopposed motion for summary judgment.

10

Fourth Circuit procedural law as set out in Wheeler governs the question of whether a claim of error is a "fundamental defect" satisfying the savings clause requirement. Wheeler, 886 F.3d at 429; Hatfield v. Young, 2019 WL 4196613, *10 (S.D.W.Va. June 7, 2019), report and recommendation adopted, 2019 WL 4197117 (S.D.W.Va. Sep. 3, 2019), aff'd, 790 Fed.Appx. 547 (4th Cir. 2020). Petitioner argues that the sentencing court erred in determining Petitioner to be a career offender under the advisory Guidelines.[7] In United States v. Foote, 784 F.3d 931, 939 (4th Cir. 2015), the Fourth Circuit considered whether a petitioner's *habeas* challenge to his sentence, which was based on a subsequently nullified career offender designation, was a fundamental defect that inherently results in a miscarriage of justice. Foote, 784 F.3d at 932. The Fourth Circuit explained that it declined to "declare that a fundamental defect or a complete miscarriage of justice has occurred in a situation in which [a petitioner] was (and on remand, would again be) sentenced under an advisory Guidelines scheme requiring individualized analysis of the sentencing factors set forth in 18 U.S.C. § 3553(a)." Id. at 941. Thus, Petitioner cannot satisfy the fourth Wheeler requirement based upon his claim of error in the application of the advisory Guidelines. See Lester v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018)(recognizing that a petitioner could not satisfy the fourth *Wheeler* requirement ("error sufficiently grave to be deemed a fundamental defect") based upon the petitioner's misclassification as a career offender under the advisory Guidelines); also see Kornegay v. Warden, 748 Fed.Appx. 513, 514 (4th Cir. 2019)(finding petitioner could not satisfy the fourth *Wheeler* requirement because petitioner "was sentenced under the advisory Guidelines and *Foote* bars his petition); but see Lester v. Flournoy, 909 F.3d 708 (4th Cir.

---

[7] Petitioner was sentenced in 2010, well after the 2005 *Booker* decision. Prior to *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the Sentencing Guidelines were mandatory.

2008)(finding that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-*Booker*, when the Sentencing Guidelines were mandatory). The undersigned, therefore, finds that Petitioner cannot satisfy the second and fourth prongs of the Wheeler test.

Based upon the foregoing, the undersigned finds that Petitioner has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion and his Section 2241 Petition should be dismissed.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Section 2241 Petition (Document No. 1), and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.

Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: December 17, 2021.

Omar J. Aboulhosn
United States Magistrate Judge